28577. McELROY *v.* THE STATE.

DECIDED OCTOBER 9, 1940.

*Nall & Evans, Rupert L. Murphy,* for plaintiff in error.
*Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GARDNER, J. The State's evidence shows, in substance, that on June 3, 1939, at seven o'clock, a. m., the defendant was seen by officers under a house adjacent to the defendant's store, writing in a book. Upon the arrival of the officers the defendant dropped the book in which he was writing, and fled. The officers arrested him and recovered the book, which proved to be what is generally known as a lottery book, or number-game book, with forty tissue tickets in it, dated June 2, 1939, which, under the game scheme, are retained by the writer. He also had eighteen of the white tickets which apparently came out of the book, but no yellow tickets which are supposed to go to the headquarters. There was evidence to the effect that another slip of paper with numbers on it

and disconnected from the book was found along with the lottery book and the eighteen players' tickets. The players' tickets found are duplicates of the figures and handwriting that appear on some of the tissue sheets.

The plaintiff in error argues only the general grounds, contending that the evidence is insufficient to warrant a conviction. He bases this argument mainly on the ground that since the defendant was not proved to have sold the tickets, and was not proved to have been in company with one or more persons to indicate the defendant's participation in the game, "since it takes more than one to operate a lottery," the evidence is insufficient, as a matter of law, to sustain a conviction. Under the law any one who aids and abets, directly or indirectly, in the commission of a misdemeanor is a principal. We think that the evidence is sufficient to warrant a conviction. The facts that the defendant was seen writing in, or posting, a lottery book, while under a house and next door to his place of business, at the early hour of seven o'clock a. m., of tissue or duplicate tickets, bearing the date of the previous day, and that upon apprehension he fled, and, in connection with such evidence, that he had on two previous occasions pleaded guilty of the same offenses, are strongly indicative and convincing that he was aiding and abetting the operation of a lottery, that his guilty knowledge was evidenced by his previous engagement therein, and that from a consciousness of guilt he fled upon apprehension. The jury was authorized to so find as a matter of fact, and the court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*